UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------ X

**UNITED STATES OF AMERICA,** :

:

– against – : **MEMORANDUM DECISION AND ORDER**

:

**JOHN DEMATO,** : 25-CR-84 (AMD)

Defendant. :

------------------------------------------------------------ X

**ANN M. DONNELLY,** United States District Judge:

On March 31, 2026, the defendant pled guilty to one count of distribution of child pornography, in violation of 18 U.S.C. §§ 2252(a)(2) and (b)(1), and one count of possession of child pornography, in violation of 18 U.S.C. §§ 2252(a)(4)(B) and (b)(2). (*ECF Minute Entry dated Mar. 31, 2026*; *see also* ECF No. 20 ¶¶ 2–3.) On August 26, 2026, the Court sentenced the defendant to eighty-four months in prison and five years of supervised release, but reserved decision on the issue of restitution and ordered the government to file supplemental briefing. (*ECF Minute Entry dated Aug. 26, 2026*; *ECF Scheduling Order dated Aug. 26, 2026*.) On September 21, 2026, the government filed a supplemental letter. (ECF No. 34.) The defendant responded on September 24, 2026. (ECF No. 35.) For the reasons that follow, the Court orders that the defendant pay $79,500 in restitution to fifteen victims.

## BACKGROUND

On August 12, 2026, the government requested restitution for fifteen victims whose images or videos the defendant possessed. (ECF No. 24 at 11–14.) The government requested restitution in amounts ranging from $3,000 — the statutory minimum — to $10,000 per victim. (*See id.*) The restitution amounts were based in part on requests submitted on the victims'

behalf. (*See id.*; *see also* ECF Nos. 24-1–15.) On August 25, 2026, the defendant filed a letter in opposition to the government's restitution request, arguing that "restitution should be set at $3,000 per victim." (ECF No. 30 at 1.) At the defendant's sentencing on August 26, 2026, the Court directed the government to provide additional information about the amount of restitution the victims had already received and reserved decision on the issue of restitution. (ECF No. 33, Transcript of Aug. 26, 2026 Sentencing 27:6–28:16; *see also ECF Scheduling Order dated Aug. 26, 2026*.)

On September 21, 2026, the government filed a supplemental letter in which it explained that the lawyer for three of the victims had "revised the restitution request for the three victims to $3,000 for each victim." (ECF No. 34 at 1.) For the six remaining victims who sought restitution of more than $3,000, the government provided information about the restitution ordered to date and argued that the requested amounts "remain[ed] appropriate." (*See id.* at 1–4.) On September 24, 2026, the defendant responded that all of the victims should receive $3,000 in restitution except for one, who should receive $5,000. (ECF No. 35.)

**LEGAL STANDARD**

"Restitution payments are mandatory for defendants convicted of child pornography offenses under 18 U.S.C. § 2259." *United States v. Denault-Reynolds*, 810 F. App'x 38, 39 (2d Cir. 2020) (summary order). 18 U.S.C. § 2259 sets out the following "framework" for calculating restitution:

> First, the district court shall determine the full amount of the victim's losses that were incurred or are reasonably projected to be incurred by the victim as a result of the trafficking in child pornography depicting the victim. And second, after completing that determination . . . , the court shall order restitution in an amount that reflects the defendant's relative role in the causal process that underlies the victim's losses, but which is no less than $3,000.

*United States v. Schmitt*, No. 23-6853, 2025 WL 2179014, at *1 (2d Cir. Aug. 1, 2025) (summary order) (citation modified). For purposes of Section 2259, the "full amount of the victim's losses" includes:

> [A]ny costs incurred, or that are reasonably projected to be incurred in the future, by the victim, as a proximate result of the offenses involving the victim, and in the case of trafficking in child pornography offenses, as a proximate result of all trafficking in child pornography offenses involving the same victim, including —
>
> (A) medical services relating to physical, psychiatric, or psychological care;
>
> (B) physical and occupational therapy or rehabilitation;
>
> (C) necessary transportation, temporary housing, and child care expenses;
>
> (D) lost income;
>
> (E) reasonable attorneys' fees, as well as other costs incurred; and
>
> (F) any other relevant losses incurred by the victim.

18 U.S.C. § 2259(c)(2).

"Restitution is . . . proper under § 2259 only to the extent the defendant's offense proximately caused a victim's losses." *Paroline v. United States*, 572 U.S. 434, 448 (2014). "[W]here it can be shown both that a defendant possessed a victim's images and that a victim has outstanding losses caused by the continuing traffic in those images . . . a court applying § 2259 should order restitution in an amount that comports with the defendant's relative role in the causal process that underlies the victim's general losses." *Id.* at 458. "The district court must resolve any dispute as to the proper amount or type of restitution . . . by the preponderance of the evidence, with the government bearing the burden of demonstrating the amount of the loss sustained by a victim as a result of the offense." *Schmitt*, 2025 WL 2179014, at *1 (citation modified).

## DISCUSSION

As a threshold matter, nine of the fifteen victims seek restitution awards of $3,000 — the statutory minimum. (*See* ECF No. 24 at 11–14; ECF No. 34 at 1.)[1] The defendant "is not disputing anyone's status as a victim" and does not contest these amounts. (ECF No. 30 at 1–3; ECF No. 35 at 1–2.) The Court is "persuaded that there is sufficient evidence to establish by a preponderance that the defendant knowingly possessed images depicting the abuse of [the victims], who continue to suffer harm caused by the ongoing traffic in their images," and "analysis of the optional *Paroline* factors is unnecessary" where "[t]he government has requested the minimum monetary damages permitted under the relevant statutory scheme for each of the [ ] identified victims." *United States v. Robinson*, No. 16-CR-622, 2021 WL 1062402, at *2 (E.D.N.Y. Mar. 19, 2021). The Court finds that the government has established by a preponderance of the evidence that the defendant knowingly possessed images depicting these victims' abuse, and that these victims continue to suffer harm caused by the ongoing traffic in their images. Accordingly, the Court awards each of these victims $3,000 in restitution.

The remaining six victims seek the following amounts in restitution: "Henley" seeks $5,000; "Pia" seeks $7,500; "Sloane" seeks $10,000; "Maria" seeks $10,000; "Lily" seeks $10,000; and "Jenny" seeks $10,000. (ECF No. 24 at 11–14.) Henley's counseling and therapy expenses total approximately $100,000, and based on an analysis submitted by the government, "she can expect to lose approximately $2 million in lifetime earnings based on the symptoms she experiences as a result of her exploitation;"[2] Pia's estimated losses are over $2.1 million,

[1] The nine victims are "Audrey," "April," "Ali," "Aaron," "8kids4," "Taylor," "Layla," "Alex," and "DJMW." (*See* ECF No. 24 at 1–2; ECF No. 34 at 1.) DJMW seeks an "unspecified amount" of restitution; the government "requests that the defendant be ordered to pay $3,000 in restitution to DJMW." (ECF No. 24 at 2.)

[2] The defendant argues that Henley's "lost earnings estimate rests on symptoms from hands-on abuse that lasted seven years," and that "[t]he government has made no effort to separate the two." (ECF No. 35 at

including the cost of future psychological care and lost earnings; Sloane's projected lifetime losses, including lost income, counseling, and medical care, are over $6 million; Maria's estimated economic losses, including "lost earnings, counseling expenses, and other costs" are between $3,172,330.11 and $3,773,730.11; Lily's estimated "overall losses, including counseling and medical care" are "in excess of $6,000,000;" and Jenny's total losses are approximately $8.9 million, including attorney's fees. (ECF No. 24 at 4–11; ECF No. 24-2 at 1; ECF No. 34 at 1–3; ECF No. 34-1; *see also* ECF No. 24-1; ECF No. 24-2; ECF No. 24-5; ECF No. 24-6; ECF No. 24-7; ECF No. 24-13.) The Court finds these victims' total losses have been substantiated by a preponderance of the evidence.

The defendant argues that "Mr. Demato's role is the same for all fifteen victims" and that "[t]he government's requested restitution tracks what each victim's lawyer asked for, not the financial harm to the victim or Mr. Demato's causal role." (ECF No. 35 at 1–2.) Therefore, he claims that "restitution should be set at $3,000 per victim," except for Sloane, "for whom $5,000 is appropriate" because the defendant possessed "somewhat more numerous images" of Sloane. (*Id.* at 1, 3.)

---

3.) But the lost earnings estimate explains that "because of the ongoing exploitation," Henley "will almost certainly have difficulties with future employment which will result in a diminished earning capacity." (ECF No. 24-1 at 42; *see also id.* at 40 (summarizing conclusions of forensic evaluation that formed the basis of the lost earnings estimate, including that "[t]he activity of the images and notifications is likely to continue into the indefinite future. As such, she is at risk of continued turbulence and interference with significant life activities including education, vocational and relational domains").) The Court finds that Henley's losses, and those of the other five victims whose restitution awards the defendant contests, are "sufficiently disaggregated from the harm caused by their respective initial abusers to satisfy *Paroline's* proximate causation requirement." *United States v. Miner*, No. 14-CR-33, 2014 WL 4816230, at *8 (N.D.N.Y. Sept. 25, 2014), *vacated in part on other grounds*, 617 F. App'x 102 (2d Cir. 2015); *see also United States v. Miner*, 617 F. App'x 102, 103 (2d Cir. 2015) (noting that reports the district court relied on "appear to have distinguished the original abuse from the ongoing trafficking of the image" and that "while [the defendant] faults the district court for not revealing the amount of contribution the original had in the loss amount or the amount from which the contribution was disaggregated, neither *Paroline* nor the restitution statute mandate this form of detailed accounting" (citation modified)).

In determining the "amount of the victim's general losses that were the proximate result of the offense for purposes of § 2259," district courts should consider the following factors:

> [T]he number of past criminal defendants found to have contributed to the victim's general losses; reasonable predictions of the number of future offenders likely to be caught and convicted for crimes contributing to the victim's general losses; any available and reasonably reliable estimate of the broader number of offenders involved (most of whom will, of course, never be caught or convicted); whether the defendant reproduced or distributed images of the victim; whether the defendant had any connection to the initial production of the images; how many images of the victim the defendant possessed; and other facts relevant to the defendant's relative causal role.

*Paroline*, 572 U.S. at 460 (citation modified). "These factors need not be converted into a rigid formula," and "[t]hey should rather serve as rough guideposts for determining an amount that fits the offense." *Id.*; *see also United States v. Boone*, No. 25-272, 2025 WL 3687888, at *2 (2d Cir. Dec. 19, 2025) (summary order) (explaining that "*Paroline* does not 'prescribe a precise algorithm' that requires district courts to consider every factor" (quoting *Paroline*, 572 U.S. at 459–60)).

Considering the *Paroline* factors, the requested restitution amounts appropriately "reflect[] [Demato's] relative role in the causal process that underlies [each] victim's losses." 18 U.S.C. § 2259(b)(2)(B). The defendant pled guilty to distributing and possessing child pornography, and "[t]he child pornography the defendant possessed included images and videos" of these six victims. (*See* ECF No. 24 at 1; *see also* ECF No. 30 at 2.) In particular, the defendant possessed the following: one image of Henley, one image of Pia, four images and one video of Sloane, one image of Maria, one image of Lily, and two images of Jenny. (*See* ECF No.

24 at 4–5, 6–8, 10.)[3] The defendants' possession of these images and videos caused the victims harm. *See Paroline*, 572 U.S. at 457.

Though the requested amounts "do not correspond linearly to the number of images and videos [the defendant] possessed of each victim or the total losses each victim suffered," the victim of whom the defendant possessed the greatest number of images and videos and the victims with the greatest total losses have requested the largest restitution awards. *Boone*, 2025 WL 3687888, at *2. Further, the restitution amounts are "'reasonable and circumscribed,' not 'severe' or 'token or nominal,'" and many of them "exceed[] [Section 2259's] restitution floor of $3,000, but not exorbitantly so." *Schmitt*, 2025 WL 2179014, at *2 (quoting *Paroline*, 572 U.S. at 458–59). Finally, the amount of restitution each of these six victims has collected to date is less than their total estimated losses. (*See* ECF No. 34 at 1–3). Thus, the proposed award amounts "pose[] no risk of overcompensation." *United States v. Goorahoo*, No. 24-812, 2025 WL 1024582, at *1 (2d Cir. Apr. 7, 2025) (summary order), *cert. denied*, 146 S. Ct. 344 (2025); *see also* 18 U.S.C. § 2259(b)(2)(C) ("A victim's total aggregate recovery pursuant to [Section 2259] shall not exceed the full amount of the victim's demonstrated losses.").

The defendant also argues that "[t]he government still offers nothing on the number of future offenders likely to be caught or the far larger number who never will be." (ECF No. 35 at 2.) However, *Paroline* does not "require[] district courts to consider every factor," and the "most relevant factors" are "the number of images or videos [the defendant] possessed and whether he produced, reproduced, or distributed those images." *Boone*, 2025 WL 3687888, at *2. Accordingly, the Court awards the remaining six victims the following amounts in restitution:

[3] Under the Sentencing Guidelines, one video is equivalent to 75 images. *See* U.S.S.G. § 2G2.2 Application Note 6(B)(ii).

$5,000 to Henley, $7,500 to Pia, $10,000 to Sloane, $10,000 to Maria, $10,000 to Lily, and $10,000 to Jenny.

## CONCLUSION

For the above reasons, the defendant is ordered to pay restitution in the amount of $3,000 to Audrey, April, Ali, Aaron, 8kids4, Taylor, Layla, Alex, and DJMW, and restitution in the amount of $5,000 to Henley, $7,500 to Pia, $10,000 to Sloane, $10,000 to Maria, $10,000 to Lily, and $10,000 to Jenny.

**SO ORDERED.**

s/Ann M. Donnelly

ANN M. DONNELLY
United States District Judge

Dated: Brooklyn, New York
November 20, 2026